UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Saundra D. Clayton,

       Plaintiff,

v.                                     Case No. 09-10458

Decision One Mortgage Corporation, *et al.*,     Honorable Sean F. Cox

       Defendants.
_____/

## OPINION & ORDER

This matter is currently before the Court on the following motions: 1) Plaintiff's Motion to Remand; 2) Defendant Orlans Associates, P.C.'s Motion to Dismiss; and 3) Plaintiff's motion seeking leave to file an amended complaint. The Court heard oral argument on May 21, 2009. For the reasons set forth below, the Court shall grant Defendant Orlans's Motion to Dismiss and dismiss it from this action. The Court shall also grant Plaintiff's motion seeking to file an amended complaint that deletes her federal claims. While this action was properly removed to this Court on February 6, 2009, the federal claims are being dismissed at a very early stage in the litigation. Accordingly, the Court shall decline to exercise supplemental jurisdiction over the remaining state-law claims and shall remand those claims to Oakland County Circuit Court.

BACKGROUND

Acting *pro se*, Plaintiff Saundra D. Clayton ("Plaintiff") filed this action in Oakland County Circuit Court on January 2, 2009, against the following defendants: Decision One Mortgage Corporation, Residential Funding Corporation, Alpha Title Agency, Inc., Orlans

Associates, P.C., and Mortgage Electronic Registration Systems (MERS).  Plaintiff's complaint asserts fifteen counts against Defendants.

On January 26, 2009, Defendant Orlans Associates, P.C. ("Orlans") filed its Answer and Affirmative Defenses, along with a Motion for Summary Disposition.  (Exs. 1 & 2 to Notice of Removal).  Defendant Residential Funding Services ("RFC") and Defendant Mortgage Electronic Registration Systems ("MERS") each filed their Answer and Affirmative Defenses on January 28, 2009.  (Ex. 1 to Notice of Removal).

On February 6, 2009, Defendants RFC and MERS removed the action to this Court, asserting federal question jurisdiction under 28 U.S.C. § 1331, based on Plaintiff's claims asserted under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. (Count XIV), the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*. (Count VI & IX), and the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq*. (Count XV).

A.     Defendant Orlans's Motion to Dismiss:

On February 10, 2009, Defendant Orlans filed a Motion to Dismiss.  Although the Motion was titled "Motion Summary Judgment," Orlans asserts that it should be dismissed from this action pursuant to FED. CIV. P. 12(b)(6) because Plaintiff's complaint fails to state any claim against it.  (Docket Entry No. 7).  Orlans contends that "a cursory review of the Complaint reveals" that "none of the 15 Counts are directed at Orlans."  (*Id*.).  Plaintiff has not filed any response in opposition to Orlans's motion and the time for doing so has passed.

B.     Plaintiff's Motion to Remand:

On March 9, 2009, acting through counsel, Plaintiff filed a "Motion to Remand to Circuit Court."  (Docket Entry No. 12).   Plaintiff asserts that there is no federal question jurisdiction in

this case because "[a]ny federal action alleged" in her complaint "was inadvertent." (Pl.'s

Motion at 2).

C.    Plaintiff's Amended Complaint:

On April 8, 2009 – without leave of this Court and without the consent of Defendants –

Plaintiff filed a "First Amended Complaint." (Docket Entry No. 15). That amended complaint

contains eleven counts against Defendants. The amended complaint filed by Plaintiff did not

add any claims or parties. Rather, it simply deleted the federal claims. Notably, the First

Amended Complaint does not appear to assert any of those 11 counts against Defendant Orlans,

yet it still names Orlans as a Defendant.

D.    The May 21, 2009 Hearing:

The Court held a hearing on the pending motions on May 21, 2009. At that time,

Plaintiff's counsel made an oral motion to file her amended complaint that deletes the federal

claims. Counsel for Defendants RFC and MERS objected to the proposed amended complaint

on the grounds of futility. Plaintiff's counsel stipulated that Defendant Orlans's Motion to

Dismiss should be granted and that it should be dismissed from this action.


ANALYSIS

I.    Removal Was Proper Because This Court Had Subject Matter Jurisdiction Over This
      Action As Of The Time Of Removal.

On March 9, 2009, acting through counsel, Plaintiff filed a "Motion to Remand to Circuit

Court." (Docket Entry No. 12). In her motion, Plaintiff does not dispute that her complaint

asserts claims under three separate federal statutes. Nevertheless, Plaintiff asserts that there is no

federal question jurisdiction in this case because "[a]ny federal action alleged" in her complaint

"was inadvertent." (Pl.'s Motion at 2). Plaintiff states that she was acting *pro se* at the time her complaint was filed and that the federal claims are "incidental and not germane or relevant to Plaintiff's actual cause of action, which is predatory loan practices under State law." (Pl.'s Br. at 2).

In response, Defendants RFC and MERS assert that the Court should deny Plaintiff's motion because subject matter jurisdiction existed at the time of removal. They also assert that the fact that Plaintiff was *pro se* at the time she filed her complaint in state court has no bearing on the jurisdictional issue.[1]

The Court agrees with Defendants that this action was properly removed on February 6, 2009. "The existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal." *Harper*, 392 F.3d 195 at 210 (citing *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 758 (6th Cir. 2000)). Here, at the time of removal, Plaintiff's complaint asserted claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (Count XIV), the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* (Count VI & IX), and the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.* (Count XV). Thus, as of the time of removal, this Court had subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

II.    Plaintiff's Motion To File An Amended Complaint Dropping Her Federal Claims Shall Be Granted.

Nevertheless, Plaintiff is now seeking leave to file an amended complaint.

---

[1]Defendants further assert that even if Plaintiff properly obtains leave to file an amended complaint and dismisses her federal claims, that would not automatically require a remand or dismissal of the remaining state law claims. Citing *Harper v. Autoalliance International, Inc.*, 392 F.3d 195 (6th Cir. 2004), Defendants state that issue would be a matter of discretion for the Court.

Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend "shall be freely given when justice so requires." A motion to amend, however, should be denied "if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995).

Defendants RFC and MERS oppose the filing of Plaintiff's amended complaint solely on futility grounds. They assert that Plaintiff's state-law claims do not state a claim and/or are not pled with sufficient particularity.

Even if that were true, however, it would not support a finding of futility. Plaintiff's proposed amended complaint does not *add* any new claims or defendants. Rather, it simply *deletes* her federal claims leaving only her state-law claims remaining in this action. Plaintiff's original complaint contains the identical state-law claims against Defendants. Thus, if the Court were to deny the proposed amendment, those very same state-law claims would still remain in this action. Accordingly, the Court concludes that the proposed amendment is not futile and the Court shall grant Plaintiff's motion seeking leave to file her amended complaint.[2]

III.   Because Plaintiff's Amended Complaint Deletes All Federal Claims, This Court Shall Decline To Exercise Supplemental Jurisdiction Over The Remaining State-Law Claims.

As set forth above, this Court had subject matter jurisdiction when this case was removed. This Court is "not divested of that jurisdiction by the dismissal of the plaintiff's federal claims." *Long*, 201 F.3d at 758. Rather, once a plaintiff's federal claims have been dismissed, the issue becomes whether the Court, in its discretion, will exercise supplemental jurisdiction over the remaining state law claims. *Id.*; *Harper*, 392 F.3d 195 at 210-11; 28 U.S.C.

---

[2]Plaintiff actually filed the amended complaint on April 8, 2009. (Docket Entry No. 15).

§ 1367(c)(3) ("The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction"); *Carlsbad Technology, Inc. v. HIF Bio, Inc.*, __ S.C. __; 2009 WL at * 4 (U.S. May 4, 2009).

A district court's decision to exercise supplemental jurisdiction is reviewed for abuse of discretion. *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006). Nevertheless, "a federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims." *Id.* "Residual jurisdiction should be exercised only in cases where the 'interest of judicial economy and the avoidance of multiplicity of litigation' outweigh our concern over 'needlessly deciding state law issues.'" *Id.* (quoting *Aschinger v. Columbus Showcase Co.*, 934 F.2d 1402, 1412 (6th Cir. 1991)). Thus, in the "ordinary case," the exercise of supplemental jurisdiction is improper after all federal claims have been dismissed.

Where, however, the federal claims are dropped or dismissed late in the litigation, after the action has been pending before the federal court for a significant period of time, or the Court and the parties have devoted resources towards substantive rulings and dispositive motions, the exercise of supplemental jurisdiction has been affirmed. *See, e.g., Harper*, 392 F.3d at 211 (affirming exercise of supplemental jurisdiction over remaining state-law claims where case had been on the court's docket for 11 months, the parties had completed discovery, the defendants' motions for summary judgment were ripe for decision and the court was familiar with the facts of the case and had made several substantive rulings).

Here, Defendants RFC and MERS assert that even if Plaintiff "properly sought and obtained leave to amend her complaint to dismiss the federal claims (which, of course, she did

6

not), it would not automatically follow that the Court must remand the case to state court."
(Defs.' Br. at 3). Defendants have not identified, however, any case wherein a district court has
properly exercised supplemental jurisdiction under circumstances such as those presented here.
Unlike the facts seen in *Harper*, the federal claims will be dropped in this action in the *very early*
stages of this case. Indeed, there has not even been a Scheduling Order issued in this case.
Where, as here, the federal claims have dropped out of the case at an "early stage of the litigation,
the District Court ha[s] a powerful reason to choose not to continue to exercise jurisdiction."
*Carnegie-Mellon Univ.*, 484 U.S. at 351.

Accordingly, this Court declines to exercise jurisdiction over the remaining state-law
claims in this action and shall remand[3] those claims.

CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendant Orlans's Motion to
Dismiss is GRANTED and that Plaintiff's claims against Defendant Orlans are hereby
DISMISSED.

IT IS FURTHER ORDERED that Plaintiff's motion seeking to file an amended
complaint is GRANTED.

IT IS FURTHER ORDERED that this Court declines to exercise jurisdiction over the
remaining state-law claims in this action and hereby REMANDS those claims to the Oakland

---

[3]When a district court chooses not to exercise supplemental jurisdiction over remaining
state-law claims, the proper course is to remand, rather than dismiss, those state-law claims.
*Long, supra*.

7

County Circuit Court.


      IT IS SO ORDERED.


                        S/Sean F. Cox
                        Sean F. Cox
                        United States District Judge

Dated:  June 2, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 2, 2009, by electronic and/or ordinary mail.

                        S/Jennifer Hernandez
                        Case Manager

8